IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RENATO COREY HORTON,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| v. | : | No. 17-5750 |
| **NANCY A. BERRYHILL,** Acting Commissioner, Social Security Administration, | : | |
| *Defendant*. | : | |

**ORDER**

**AND NOW**, this 29th day of April, 2020, upon consideration of Plaintiff Renato Corey Horton's Brief in Support of Request for Review (Doc. No. 9), Defendant's Response (Doc. No. 14), Plaintiff's Reply (Doc. No. 17), the Report and Recommendation by United States Magistrate Judge Lynne A. Sitarski (Doc. No. 20), Defendant's Objections (Doc. No. 21), Plaintiff's Response to Objections (Doc. No. 23), and the administrative record, I find as follows:

**Procedural Background**[1]

1. On February 27, 2014, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income—under Titles II and XVI respectively of the Social Security Act, 42 U.S.C. § 410, et seq.—alleging disability due to various mental impairments.

2. The state agency initially denied Plaintiff's application, prompting him to request a hearing before an Administrative Law Judge ("ALJ"). As Plaintiff appeared without counsel at the first hearing, the ALJ provided Plaintiff with a list of legal services organizations and continued the hearing.

---

[1] In lieu of engaging in a lengthy discussion of the factual background of Plaintiff's medical history, I incorporate by reference the thorough discussion set forth in the Report and Recommendation.

3. Following the administrative hearing on November 8, 2016, at which Plaintiff was represented, the ALJ issued a decision on February 15, 2017, deeming Plaintiff not disabled. The ALJ found that Plaintiff has severe impairments, including a mood disorder, not otherwise specified, and a narcissistic personality disorder, neither of which meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ further determined that Plaintiff retains the residual functional capacity ("RFC") to perform the exertional demands of all levels of work, but is restricted to simple, routine tasks with simple work-related decisions. The ALJ also remarked that Plaintiff can never interact with the public but can occasionally interact with supervisors and co-workers. Given these limitations, the ALJ concluded that Plaintiff can perform several jobs existing in significant numbers in the national economy. (R. 16–26.)

4. On October 26, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

5. Plaintiff filed this action on January 2, 2018, challenging the ALJ's decision. The matter was referred to United States Magistrate Judge Lynne A. Sitarski, who issued a Report and Recommendation ("R&R") on May 15, 2019, recommending that Plaintiff's Request for Review be denied and the decision of the Commissioner of Social Security be affirmed.

6. Defendant timely filed Objections on May 28, 2019, setting forth three allegations of error: (1) the Magistrate Judge erred in sanctioning the ALJ's adjudication of the claim under new listing criteria without giving Plaintiff notice that new criteria were going to be applied; (2) the Magistrate Judge erred in finding that any error in not allowing Plaintiff to argue his

eligibility under the new listing was harmless; and (3) the Magistrate Judge should have found that the ALJ's decision was not based on substantial evidence.[2]

**Standard of Review**

7. The court's scope of review is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact." Gilmore v. Barnhart, 356 F. Supp. 2d 509, 511 (E.D. Pa. 2005) (quoting Schwartz v. Halter, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001)).

8. With respect to legal conclusions reached by the Commissioner, the court exercises plenary review. Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). Stated differently, the court reviews the ALJ's application of the law *de novo*. Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 91 (3d Cir. 2007).

9. Judicial review of the Commissioner's factual conclusions is limited to determining whether "substantial evidence" supports the decision. Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564–65 (1988)). Thus, even if the reviewing court would have decided the case differently, the Commissioner's decision must be affirmed

---

[2] Where a United States Magistrate Judge has issued a report and recommendation in a social security case and a party makes a timely and specific objection to that report and recommendation, the district court is obliged to engage in *de novo* review of only those issues raised on objection. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes. The court may "accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1). In the exercise of sound judicial discretion, the court may also rely on the Magistrate Judge's proposed findings and recommendations. See United v. Raddatz, 447 U.S. 667, 676 (1980).

if it is supported by substantial evidence.  Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190–91 (3d Cir. 1986).

**Defendant's Objections**

A. <u>Whether Plaintiff Was Denied Due Process by Not Being Given Notice of the Application of the New Listing 12.00</u>

10. Plaintiff's first objection alleges a due process violation resulting from the change in the criteria for Listing 12.00 applied at Step Three of the sequential analysis.[3]  Specifically, in his Request for Review, Plaintiff contended that "[a]lthough the ALJ was correct in applying the new criteria in evaluating the claim . . . she was wrong to do so without allowing the Plaintiff the ability to properly represent himself by holding a supplementary hearing or taking some other step."  (Pl.'s Request for Review 2.)  He posited that the ALJ's failure to notify Plaintiff and give his counsel the opportunity to address his eligibility under the new standard, "the ALJ denied the [Plaintiff] due process."  (Id.)

11. In the R&R, Judge Sitarski found that "the ALJ did not violate Plaintiff's due process rights and she properly applied the revised listings, as required by the Rules and Regulations." (R&R 10.)  Judge Sitarski went on to (a) reject Plaintiff's argument that due process required that Plaintiff receive "notice" of the changes in the listings, and (b) conclude that, in any event, Plaintiff had sufficient notice of what law was going to be used to decide his claim.

---

[3] An ALJ evaluates each case using a sequential process until a finding of "disabled" or "not disabled" is reached. The sequence requires an ALJ to assess whether a claimant: (1) is engaging in substantial gainful activity; (2) has a severe "medically determinable" physical or mental impairment or combination of impairments; (3) has an impairment or combination of impairments that meet or equal the criteria listed in the social security regulations and mandate a finding of disability; (4) has the residual functional capacity to perform the requirements of her past relevant work, if any; and (5) is able to perform any other work in the national economy, taking into consideration her residual functional capacity, age, education, and work experience. See 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

12. Plaintiff now contends that the R&R was in error because it misconstrued his argument. Plaintiff notes that his administrative hearing was held on November 8, 2016, and the last briefing was submitted to the ALJ on December 22, 2016. The new listing went into effect on January 17, 2017. The ALJ then issued her decision on February 15, 2017, applying the new listing criteria. Although Plaintiff concedes that the new listing was properly applied to his case,[4] he contends that he was not given the opportunity to address—either through supplemental briefing or a supplemental hearing—how the new Listing 12.00 applied to his case.

13. I find no merit to this argument. As the R&R noted, the original notice of the final "Revised Medical Criteria for Evaluating Mental Disorders" was published on September 26, 2016. See Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138, 66138 (Sept. 26, 2016). These Revised Criteria specifically stated that they took effect on January 17, 2017 and would apply "to new applications filed on or after the effective date of the rules, *and claims that are pending on or after the effective date.*" Id. (emphasis added). Plaintiff's administrative hearing was held on November 8, 2016, approximately a month and a half after finalization of the revised listings. As such, Plaintiff and his counsel had more than adequate notice of these new listings, when they would take effect, and the fact that they could potentially apply to Plaintiff's claim for benefits. Yet, at no point did Plaintiff seek to address the new listings via supplemental briefing.

14. To the extent Plaintiff claims that the ALJ could have and should have issued a decision prior to the effective date of the new listing, his argument is misplaced. At the administrative

---

[4]  Indeed, as noted in the R&R, courts have repeatedly remanded decisions because the ALJ applied the prior listings and not the revised listings in effect at the time of the decision. (R&R 14 n.6 (citing cases).)

hearing, Plaintiff's counsel specifically requested that the ALJ leave the record open so that Plaintiff could submit additional records. (R. 42–43.) The ALJ agreed and stated, "[o]nce I get the records then I'll put all the evidence together and make my decision." (R. 70.) Thereafter, Plaintiff's counsel repeatedly requested and received extensions of time, and ultimately did not submit the additional records until December 22, 2016, just prior to the Christmas and New Years' holidays. (R. 257–60.) At that point—having delayed the close of the record by six weeks—Plaintiff should have reasonably anticipated that the ALJ would not be able to fully review all of the evidence and issue a thorough written decision prior to the January 17, 2017 effective date of the new listings. See Heckler v. Day, 467 U.S. 104, 112 (1984) (noting that Congress has declined to impose mandatory deadlines for agency adjudication of disputed disability claims, considering the heavy and escalating workloads, limited resources, and the need to ensure quality decisions). In the interim, Plaintiff neglected to submit additional briefing addressing how the new listing should apply.

15. Finally, Plaintiff argues that due process required that the ALJ either give notice that the case was going to be considered under the new standard or hold a hearing under which the new standard was considered. Citing to multiple cases, he posits that "courts have found that applicants under an administrative process, whether they be welfare recipients or companies seeking to fit under regulatory standards, are entitled to the right to argue the law under which their case is being decided." (Objections 7–8.)

16. None of the cases cited by Plaintiff, however, are applicable to the social security context or suggest that due process creates such a requirement for social security disability decisions.[5] (See Pl.'s Objections 5–7 (citing Mayhew v. Cohen, 604 F. Supp. 850 (E.D. Pa. 1984) (finding

---

[5] To the extent Plaintiff repeats his argument that he was denied statutory notice, as required by the Social Security statute, this argument was comprehensively and accurately addressed in the R&R. I incorporate that discussion by reference here. (See R&R 12–14.)

6

that the recoupment program for overpayments to recipients of federal or state welfare assistance implicates a property interest under the Fourteenth Amendment and thus requires constitutionally adequate notice informing recipients of the availability of a hearing and offering recipients the opportunity to adequately prepare for that hearing); Consol. Edison Co. v. Fed. Energy Reg. Comm'n, 315 F.3d 316, 323 (D.C. Cir. 2003) (holding, in the context of a policy statement change by the Federal Energy Regulation Commission, that a new rule may be applied retroactively to parties in an ongoing adjudication so long as the parties before the agency are given notice and an opportunity to offer evidence bearing on the new standard and the affected parties have not detrimentally relied on the established legal regime); Hatch v. Fed. Energy Reg. Comm'n, 654 F.2d 825, 835 (D.C. Cir. 1981) (requiring Federal Energy Regulation Commission to provide a reasoned explanation to alter its past rulings and practices and change the nature of proof required of applicants for exemption from a particular rule); Hill v. Fed. Power Comm'n, 335 F.2d 355 (5th Cir. 1964) (finding the procedure followed by the Federal Power Commission deprived producers of a fair and adequate hearing because standards to be applied were neither evolved nor announced until the decision holding them unsatisfied).

17. This case is far more akin to the ruling by the United States Court of Appeals for the Sixth Circuit in Combs v. Comm'r of Soc. Sec., 459 F.3d 640 (6th Cir 2006), which directly considered "whether a change in a rule [specifically, a rule regarding the listings] governing the adjudication of social security disability benefits that is applied as of its effective date to all pending cases has an impermissibly retroactive effect." Id. at 642. The Court remarked that a change in Step Three "is more procedural than substantive in nature [because] [t]he ultimate criteria of disability eligibility are not changed. Instead, a presumption designed for administrative workability was changed to conform agency determinations more closely with

the statutory requirements." Id. at 647.  Rejecting the plaintiff's argument that he was entitled to notice that the change in the listing would be applied to his already pending claim for disability benefits, the Court held:

> It can hardly be argued that claimants become obese or otherwise become impaired in reliance on the availability of the presumption in the listing.  Nor is there any indication that they file their claims, or decide what to put in their claims, based on how the agency determines whether they meet the statutory requirements for disability eligibility.  Similarly, claimants have no settled expectation that the agency will use one as opposed to another algorithm for determining whether the statutory requirements are met.  Finally, there is no basis for claimants to argue that they need "fair notice" of a change in the step three presumptions.

Id. at 646; see also Christie v. Barnhart, No. 03-2265, 2006 WL 8445653, at *7 (D.N.J. Sept. 26, 2006) ("Plaintiff did not have a settled expectation of any particular outcome of her claim or a right to expect that her filing for disability benefits based on her claimed obesity would freeze the rules that would be applied to adjudication of the claim.").

18. In light of the fact that neither the Constitution nor the Social Security statute/regulations imposed any duty on the ALJ to directly inform Plaintiff of the listing change that would be applied to his case, and given that Plaintiff had sufficient notice that a listing change was pending around the time that a decision was expected, I find no due process violation in the ALJ's application of the new listing.  Accordingly, I will deny this Objection.

B. <u>Whether the Magistrate Judge Improperly Found Harmless Error in the ALJ's Failure to Give Plaintiff Notice of New Listing 12.00</u>

19.  In footnote seven of the R&R, Judge Sitarski noted that, even if there had been an error in the ALJ's Step Three analysis based on the listing, any error was harmless because (a) Plaintiff did not cite to any medical evidence to support his claim that he satisfies the listings, and (b) in any event, the ALJ's Step Three determination was well supported by substantial evidence.

20. Plaintiff now objects to this conclusion, arguing that had he known that the new Listing 12.00 was going to apply, his briefing may have focused on different evidence to meet the new standard, or he may have provided new evidence to help him substantiate a claim.

21. I find no merit to this objection for several reasons. As a primary matter, I have already found that the ALJ committed no error in applying the new listing to Plaintiff's case without direct notice to Plaintiff. Thus, a harmless error analysis is unnecessary.

22. Moreover, Plaintiff's hypothetical argument that he "might have" offered different briefing regarding the new Listing 12.00 is insufficient to establish error. At no point—either in his Request for Review, his reply brief, or his Objections to the R&R—has Plaintiff suggested or even previewed what new argument he could have made that would have changed the outcome of this case.

23. As to Plaintiff's argument that he "might have" provided new evidence, Plaintiff is hard-pressed to argue that he would have sought different treatment, somehow changed his disability, or otherwise altered the opinions of his providers for the sole purpose of meeting a listing. As noted by the Sixth Circuit, there is no "indication that [claimants] file their claims, or decide what to put in their claims, based on how the agency determines whether they meet the statutory requirements for disability eligibility." Combs, 459 F.3d at 646.

24. Finally, I concur with the R&R that the ALJ's listings analysis was comprehensive and well supported by substantial evidence.

25. For all of these reasons, I will overrule Plaintiff's second objection.

C. Whether Judge Sitarski Improperly Found that the ALJ's Decision Was Based on Substantial Evidence

26. Plaintiff's last Objection challenges Judge Sitarski's finding that the ALJ's disability decision was based on substantial evidence. Specifically, in the R&R, Judge Sitarksi engaged in an extensive and thorough review of the medical evidence regarding Plaintiff's subjectively

reported symptoms and concluded that the ALJ's finding regarding those symptoms was well supported by substantial evidence. Plaintiff now contends that this conclusion was in error but posits that he "will not reiterate [his] argument from [his] brief, which includes why the ALJ should have considered the Plaintiff's narcissistic personality disorder in evaluating his testimony." (Objections 9.)

27. This argument fails for two reasons. First, Plaintiff's Objection identifies no specific error in Judge Sitarski's analysis, but simply relies on arguments already considered and rejected in the R&R. It is well established that "[o]bjections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to *de novo* review." Gray v. Delbiaso, No. 14-4902, 2017 WL 2834361, at *4 (E.D. Pa. June 30, 2017), appeal dismissed 2017 WL 6988717 (3d Cir. 2017); see also Tucker v. PA, 18-201, 2020 WL 1289181, at *1 (E.D. Pa. Mar. 18, 2020). Stated differently, "[w]here objections do not respond to the Magistrate's recommendation, but rather restate conclusory statements from the original petition, the objections should be overruled." Prout v. Giroux, No. 14-3816, 2016 WL 1720414, at *11 (E.D. Pa. Apr. 29, 2016); see also Luckett v. Folino, No. 09-0378, 2010 WL 3812329, at *1 (M.D. Pa. Aug. 18, 2010) (denying objections to R&R because "[e]ach of these objections seeks to re-litigate issues already considered and rejected by [the] Magistrate Judge [ ]."); Morgan v. Astrue, No. 08-2133, 2009 WL 3541001, at *4 (E.D. Pa. 2009) (holding that to re-address objections that were raised to the magistrate judge "would simply duplicate the thorough efforts of the Magistrate Judge and defeat any benefit of judicial efficiency gained by the report and recommendation process.").

28. Second, Plaintiff identifies only one additional piece of evidence that the ALJ failed to address. According to Plaintiff, "the ALJ found that the Plaintiff communicates well, R. 20,

without addressing comments like those from his treating psychiatrist saying that his speech is tangential and hard to follow. R. 447." (Objections 9.)

29. Plaintiff disregards the well-settled principle that "there is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record." Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004). Moreover, Plaintiff does not identify how this singular piece of evidence either undermines the ALJ's otherwise thorough analysis or establishes that Plaintiff is disabled.

30. As I concur with Judge Sitarski that the ALJ's decision was supported by substantial evidence, and as Plaintiff pinpoints no specific error in that conclusion, I will overrule this Objection.

**WHEREFORE**, it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. No. 20) is **APPROVED and ADOPTED**;
2. Plaintiff's Request for Review is **DENIED**;
3. Judgment is **ENTERED** in favor of **DEFENDANT**;
4. The Clerk of Court shall mark this case **CLOSED**.

                    **BY THE COURT:**

                    */s/ Mitchell S. Goldberg*
                    **MITCHELL S. GOLDBERG, J.**